# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 20-00564 LEK-KJM |
| CASE NAME: | Zuru Inc. Et al., vs. Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 12/23/2020 |

COURT ACTION:   EO: COURT ORDER GRANTING IN PART PLAINTIFFS' *EX PARTE* MOTION TO SEAL CERTAIN INFORMATION IN PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND OTHER RELIEF

On December 21, 2020, Plaintiffs Zuru Inc. and Zuru (Singapore) PTE Ltd. ("Plaintiffs") filed their *Ex Parte* Motion for Entry of Temporary Restraining Order, Temporary Transfer of Defendant Domains, Temporary Asset Restraint, Expedited Discovery, and Electronic Service of Process/Publication ("Ex Parte Motion"). [Dkt. no. 9.] On December 22, 2020, Plaintiffs filed their *Ex Parte* Motion to Temporarily Seal Certain Information in Plaintiffs' motion for Temporary Restraining Order and Other Relief ("Motion to Seal"). [Dkt. no. 10.]

Plaintiffs seek to have the following filed under seal temporarily: 1) the unredacted version of Schedule A to the Complaint; [filed 12/21/20 (dkt. no. 1-1) (redacted version);] 2) the unredacted version of Exhibit 1 to the Declaration of Jessica Arnaiz, which was filed with the Ex Parte Motion ("Arnaiz Declaration"); [dkt. nos. 9-6 to 9-30;] and 3) any order ruling on the Ex Parte Motion's request for a temporary restraining order ("TRO"). When considering a request to seal court records, "[u]nless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); see also Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016) (stating the "compelling reasons" standard applies when the materials sought to be sealed are "more than tangentially related to the merits of a case" and that a motion for a preliminary injunction is such a motion).

This Court concludes that the Motion to Seal establishes compelling reasons to seal, temporarily, the unredacted Schedule A to the Complaint and the unredacted Exhibit 1 to the Arnaiz Declaration. The Motion to Seal is therefore GRANTED as to those requests. Plaintiffs' request to seal any order ruling on the request for a TRO is DEFERRED until the

order is prepared.

   Plaintiffs have already submitted the unredacted Schedule A to this Court for review.  This Court will forward that document to the Clerk's Office for filing under seal.  Plaintiffs' counsel has contacted this Court regarding the submission of the unredacted Exhibit 1, as instructed in the entering order issued on December 23, 2020.  [Dkt. no. 13.]  This Court will also forward Exhibit 1 to the Clerk's Office for filing under seal.

   IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager